**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SYREETA FLOYD<br>1008 Ogden St.<br>Philadelphia, PA 19123,<br>           Plaintiff,<br><br>   v.<br><br>CITY OF PHILADELPHIA (Dept. of Prisons)<br>1515 Arch St.<br>Philadelphia, PA 19102<br><br>          Defendant. | :     ***TRIAL BY JURY DEMANDED***<br>:<br>:<br>:<br>:<br>:     C.A. No: _____2:26-cv-3359_____<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

Plaintiff, Syreeta Floyd, by and through her undersigned attorneys, files within Complaint,

***WITH DEMAND FOR TRIAL BY JURY***, and avers as follows:

**I.   PARTIES, JURISDICTION & VENUE**

1.   Plaintiff/Employee, Syreeta Floyd, is an adult individual, domiciled at the above-captioned address.

2.   Defendant/Employer, City of Philadelphia, is the legal entity subject to jurisdiction of the EEOC, PHRC and PHCR.  The Philadelphia Department of Prisons is the department in the City of Philadelphia relevant to this Complaint.

3.   The court has original federal question jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") because Defendant employs more than 15 full time employees and is a municipal entity.

4.   The Court has supplemental jurisdiction over Plaintiff's claims brought under the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, § 951 et seq. (the "PHRA").

5.   This Charge arises out of Plaintiff's wrongful termination. Plaintiff was suspended with intent to terminate on April 17, 2025, and received formal notice of her termination on May 17, 2025.

6.    Plaintiff timely filed a Verified Charge (the "Charge") filed with the EEOC, No.: 530-2025-08804 and cross-filed with the PHRC, is filed within 180 days of the acts, pattern and practices giving rise to the Charge and pled in detail therein.  In the alternative, the Charge was filed within 300 days of the acts, pattern and practices giving rise to the Charge and pled in detail herein.

7.    On May 15, 2026, the EEOC issued Notice of Right to Sue. This Complaint is timely filed within 90 days of such notice.

8.    Venue is appropriate in this Court because Defendant's place of business where Plaintiff was employed is located in Philadelphia, Pennsylvania.

9.    At all relevant times, Defendant is an "employer" as defined in and/or within the meaning of all relevant statutes, including Title VII, PHRA, and PFPO.

10.    At all relevant times, Plaintiff was an eligible employee as defined in and/or within the meaning of all relevant statutes, including Title VII, PHRA, and PFPO.

## II.    FACTUAL ALLEGATIONS

### A.    Background

11.    Plaintiff was hired on or about December 8, 2008 as a Correctional Officer.

12.    At all times, Plaintiff was and remains qualified and able to perform the duties of a correctional officer.

13.    At the beginning of her career, Plaintiff was assigned to CFCF, one of the jails on the Prisons complex on State Rd. in Philadelphia.  At that time, her commanding Captain was Xavier Beaufort.  Plaintiff's commanding Lieutenant was Tabitha Baldwin Adams.

14.    Beaufort has moved up the ranks of Prisons, and now holds the rank of Deputy Commissioner.  This is despite Beaufort's long history of sexually hostile conduct towards female officers under his command.

15.    Shortly after Plaintiff was assigned to CFCF, Adams told Plaintiff that Beaufort "wanted" Plaintiff.  Plaintiff was repulsed and rejected Beaufort's advances.

16.    After Plaintiff rejected Beaufort, Plaintiff was subjected to higher scrutiny for her performance than similarly situated officers.  Nevertheless, Plaintiff performed her work admirably, attended on time, and, at least early in her career, avoided more serious consequences from Beaufort's attempts at retaliation.

17.    Throughout this time, Adams also created a pervasively sexually hostile work environment against Plaintiff. As Plaintiff's commanding Lieutenant, Adams found several occasions to discriminate against Plaintiff and to create a hostile work environment.  Adams also made pervasive sexually hostile statements to Plaintiff.

18.    In or about January 2014, Plaintiff submitted to OPC, EEO, a complaint about sexual harassment by Beaufort and Adams.  Plaintiff was interviewed, but the investigation was never concluded.

19.    Later in 2014, as a result of the conduct of Beaufort, Plaintiff was terminated for pretextual reasons.  Plaintiff grieved her termination and was reinstated.

20.    After her reinstatement, Plaintiff was transferred to the overnight shift at CFCF. Plaintiff requested this transfer to escape Adams' and Beaufort's command; they did not supervise these shifts.

21.    On or about March 25, 2019, Plaintiff was transferred from CFCF to RCF; Plaintiff accepted this transfer as it was away from her harassers.

22.    However, Beaufort, who held increasing power as he moved up the ranks, found additional occasions to harass and intimidate Plaintiff.  By way of example, and in no way limiting the foregoing, in or about 2022 Plaintiff was suspended for 10 days; she appealed the suspension to the Civil Service Commission and the suspension was reduced to five days.

**B.     Facts Leading to Plaintiff's Unlawful Termination.**

23.     In or about February 2024, Plaintiff was in a serious automobile accident.  She took an extended leave of absence from her employment at Prisons.

24.     During this time,  Jamal Sanders, a close personal friend of Plaintiff, was incarcerated at CFCF.

25.     On November 21, 2024, while still on leave of absence, Plaintiff obtained power of attorney to manage the affairs of Mr. Sanders.

26.     This power of attorney was notarized by Correctional Lieutenant Christine Reid.

27.     On December 1, 2024, Plaintiff returned to duty at RCF.

28.     On December 18, 2024, Sanders' criminal defense attorney, Jerome Brown, Esq., submitted a request to Defendants requesting permission for Sanders to communicate with Plaintiff.

29.     On December 20, 2024, Plaintiff submitted notice of her relationship with Saunders and stated she would like to speak with Saunders by telephone.

30.     Plaintiff had several phone communications with Sanders.

31.     Plaintiff never visited Sanders in CFCF.

32.     Plaintiff never interacted with Sanders during her official duties in any way.

33.     Plaintiff complied with General Order 63, which provides, in pertinent part:

> Upon learning of the incarceration of a relative/friend with whom the employee may be or have been involved in a personal relationship, employees are immediately required to give written notification to the Warden of their assigned facility…

34.     In January 2025, an internal investigation was opened against Plaintiff, asserting she had improper contact with an inmate.  Plaintiff was interviewed on or about January 14, 2025.  Plaintiff admitted that she had communication with the inmate, by phone only, and that she notified her superiors of this.

35. Plaintiff was falsely accused of having contact with an inmate without informing Defendant. Plaintiff was also accused of having a romantic relationship with an inmate, but Sanders was not an inmate at that time.

36. On the evening of February 6, 2025, Beaufort approached Plaintiff in a harassing and intimidating manner. Beaufort asked Plaintiff why Plaintiff's vehicle was parked in a handicapped space. Plaintiff explained she was in an automobile accident. Beaufort berated Plaintiff and stated that if she is handicapped, how could she perform her duties. Plaintiff began to cry and even peed herself.

37. Plaintiff reported Beaufort's harassing and intimidating conduct to the police and to Defendant's Office of Professional Compliance ("OPC").

38. OPC failed and refused to investigate Plaintiff's report of improper conduct by Beaufort. This is contrary to the policies and procedures of Defendant. This is another example of how Beaufort operates outside the rules.

39. Furthermore, Beaufort was not to be involved in the decision making process for discipline relating to Plaintiff's contact with Sanders.

40. Despite these rules, Beaufort participated in the decision to terminate Plaintiff for her contact with Sanders.

41. The termination of Plaintiff was improper.

42. Comparators received no, or less discipline, than Plaintiff.

43. Defendant unreasonably withheld a response to Plaintiff's report that she knew an inmate at CFCF as a means of harassment and retaliation.

44. Plaintiff is entitled to actual damages sustained as a result of Defendant's unlawful conduct. Plaintiff suffered severe emotional distress, lost wages, payment to attorneys for attendance at hearings, and other injuries set forth in this Charge and as will be developed through the course of discovery.

45.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, which include but are not limited to:

a) Lost wages;
b) Lost back pay;
c) Lost future wages;
d) Lost benefits;
e) Embarrassment and humiliation;
f) severe emotional distress; and
g) other damages as described in further detail in this pleading and as will become evident through the course of discovery.

46.    Plaintiff is entitled to costs and reasonable attorney's fees for enforcement of her civil rights.

47.    Plaintiff is entitled to equitable relief for enforcement of her civil rights; and such other relief as the Commission finds just and proper.

## III.    CHARGES

## COUNT I:    TITLE VII – SEXUAL HARASSMENT

48.    Repeats and realleges paragraphs 1-47 as if set forth at length herein.

49.    Defendant's conduct created a hostile work environment, in violation of Title VII, the PHRA and the PFPO.

50.    The elements of a sexual harassment/hostile work environment claim are:

1) the employee suffered intentional discrimination because of his/her sex
2) the discrimination was severe or pervasive
3) the discrimination detrimentally affected the Plaintiff
4) the discrimination would detrimentally affect a reasonable person in like circumstances, and
5) the existence of *respondeat superior* liability.

51.    Plaintiff suffered intentional discrimination because of her sex, as set forth in detail above and incorporated herein by reference.

52.    The discrimination was severe and pervasive.

53.    The discrimination detrimentally affected Plaintiff.

6

54.     Defendant, through Plaintiff's supervisory employees and/or other agents with authority to act on behalf of Defendant, failed to take immediate and appropriate corrective action upon learning of the discriminatory conduct.

55.     Defendant's conduct after Plaintiff's complaints, as set forth in detail above and incorporated herein by reference, also constituted severe and pervasive discrimination against Plaintiff.

56.     As a direct and proximate result of Defendant's conduct, Plaintiff was detrimentally affected by the conduct of Defendant as set forth in detail above and incorporated herein by reference, and as will be established through the course of discovery into the damages that Plaintiff suffered.

57.     A reasonable person in like circumstances would be detrimentally affected by Defendant's conduct detailed above and incorporated herein by reference.

58.     The individuals who created the environment in which in the discriminatory conduct occurred had *respondeat superior* authority to bind Defendant.  Accordingly, Defendant is liable for such conduct.

59.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks judgment against Defendant, City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

**COUNT II:   SEX DISCRIMINATION**

60.     Repeats and realleges paragraphs 1-59 as if set forth at length herein.

61.     The elements of a claim for sex discrimination are that the Plaintiff:

1) is a member of a protected class;
2) Is qualified for the position she sought to retain;

7

3) suffered an adverse employment action; and
4) the action occurred under circumstances that could give rise to an inference of intentional discrimination.

62.    Plaintiff is a member of a protected class. Plaintiff is a female.

63.    Plaintiff was qualified for the position she sought to retain. At all times material, Plaintiff is and was qualified and competent to serve as Correctional Officer.  Plaintiff's performance history was excellent.

64.    Plaintiff suffered several adverse employment actions as set forth in detail above and incorporated herein by reference.

65.    The adverse action suffered by Plaintiff occurred under circumstances that could give rise to an inference of intentional discrimination.  Those circumstances are set forth in detail above and incorporated herein by reference.

66.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks judgment against Defendant, City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

**COUNT III:  RETALIATION**

67.    Repeats and realleges paragraphs 1-66 as if set forth at length herein.

68.    Plaintiff complained of unlawful conduct by Beaufort in 2014, including conduct that constituted sexual harassment.

69.    Plaintiff complained to the police about Beaufort's intimidating conduct.

8

70. Plaintiff was subject to materially adverse actions at the time, or after this protected activity took place.

71. There was a causal connection between issuing the harshest discipline – termination of Plaintiff – and Plaintiff's protected activities.

72. As a direct and proximate result of Defendant's misconduct, Plaintiff suffered injury as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks judgment against Defendant, City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

## COUNT IV:  PHRA

73. Repeats and realleges paragraphs 1-72 as if set forth at length herein.

74. The foregoing violations of federal laws also constitute violations of the PHRA.

75. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks judgment against Defendant, City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

## COUNT V:  PFPO

76. Repeats and realleges paragraphs 1-75 as if set forth at length herein.

77.    The foregoing violations of federal and state laws also constitute violations of the PFPO.

78.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks judgment against Defendant, City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

***TRIAL BY JURY DEMANDED***

Respectfully submitted,

CREECH & CREECH, LLC

/s/ Timothy P. Creech
TIMOTHY P. CREECH
1835 Market St., Suite 2710
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com

DATED:    May 15, 2026